UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

Yosniel Bosmeniel,
and other similarly
situated individuals,

      Plaintiff(s),

v.

T.S.W. Residential &
Commercial Services, Inc.

      Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Yosniel Bosmeniel and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant T.S.W. Residential & Commercial Services, Inc., and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Yosniel Bosmeniel is a resident of Sarasota County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant T.S.W. Residential & Commercial Services, Inc. (from now on T.S.W. Services, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Sarasota County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Sarasota County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

5. This cause of action is brought by Plaintiff Yosniel Bosmeniel as a collective action to recover from Defendant regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2023, (the "material time") without being adequately compensated.

6.  Defendant T.S.W. Services is a construction and remodeling company providing construction services to commercial and residential clients.

7.  Defendant T.S.W. Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction company that provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8.  Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced

for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9.  Defendant T.S.W. Services employed Plaintiff Yosniel Bosmeniel as a non-exempted, full-time painter from approximately February 15, 2023, to March 10, 2023, or 3 weeks.

10. Plaintiff worked under the supervision of Supervisors Juan Corona Sr. and Juan Corona Jr.

11. During the relevant period, Plaintiff performed as a painter, and he was paid an hourly rate of $16.00. Plaintiff's Overtime should be $24.00.

12. While Plaintiff was employed by Defendant, he worked one week five weeks, and 2 weeks of 6 days.

13. 1.- First week.- Plaintiff worked his first week five days with 48 hours, and he was paid $770.00. Plaintiff was not paid for eight overtime hours.

14. 2.- Second week.- In his second week, Plaintiff worked 6 days, a total of 42 hours. and he did not receive any compensation.

15. 3.- Third week.- In his third week, Plaintiff worked 6 days, a total of 59.5 hours, but he did not receive any compensation.

16. On or about Friday, March 10, 2023, Plaintiff complained to his supervisor Juan Corona Sr. about his unpaid wages. This was his second complaint. Plaintiff had not received compensation for two consecutive weeks.

17. As a result of Plaintiff's complaints, Defendant fired him the same day.

18. At the time of his termination, Defendant refused to pay Plaintiff his overdue wages.

19. Plaintiff did not clock in and out, but Defendant was in absolute control of Plaintiff's schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

20. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid in cash, without paystubs or any record providing accurate information such as the number of days and hours worked and wage rate.

22. Plaintiff Yosniel Bosmeniel seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

26. Plaintiff Yosniel Bosmeniel re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This cause of action is brought by Plaintiff Yosniel Bosmeniel as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2023, (the "material time") without being adequately compensated.

28. Defendant T.S.W. Services employed Plaintiff Yosniel Bosmeniel as a non-exempted, full-time painter from approximately February 15, 2023, to March 10, 2023, or 3 weeks.

29. Plaintiff worked under the supervision of Supervisors Juan Corona Sr. and Juan Corona Jr.

30. During the relevant period, Plaintiff performed as a painter, and he was paid an hourly rate of $16.00.

31. While Plaintiff was employed by Defendant, he worked weeks five weeks and 2 weeks of 6 days.

32. 1.- First week.- Plaintiff worked his first week five days with 48 hours, and he was paid $770.00. Plaintiff was not paid for 8 overtime hours.

33. 2.- Second week.- In his second week, Plaintiff worked 6 days, a total of 42 hours. and he did not receive any compensation.

34. 3.- Third week.- In his third week, Plaintiff worked 6 days, a total of 59.5 hours, but he did not receive any compensation.

35. On or about March 10, 2023, Defendant fired Plaintiff.

36. Plaintiff did not clock in and out, but Defendant was in absolute control of Plaintiff's schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

37. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid in cash, without paystubs or any record providing accurate information such as the number of days and hours worked and wage rate.

39. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

40. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

42. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Five Hundred Eighty Dollars and 00/100 ($580.00)

   b. <u>Calculation of such wages</u>:

      Total period of employment: 3 weeks
      Relevant weeks of employment:  3 weeks
      Regular rate: $16.00 an hour x 1.5=$24.00
      O/T rate: $24.00 an hour
      Half-Time: $8.00 an O/T hour

      1.- Overtime for week # 1
      Total hours worked: 48 hours weekly
      Paid: 770.00 (for 48 hours)
      O/T unpaid hours: 8 O/T hours

      Half-time $8.00 x 8 O/T hours=$64.00

      2.- Overtime for week # 2
      Total hours worked: 42 hours weekly
      Paid: $0.00
      O/T unpaid hours: 8 O/T hours

      O/T $24.00 x 2 O/T hours= $48.00

      3.- Overtime for week # 3
      Total hours worked: 59.5 hours weekly
      Paid: $0.00
      O/T unpaid hours: 19.5 O/T hours

      O/T $24.00 x 19.5 O/T hours= $468.00

Total #1, #2, and #3: $580.00

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.[1]

43. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

44. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

45. Defendant T.S.W. Services willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable Attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Yosniel Bosmeniel and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Yosniel Bosmeniel and other similarly situated individuals and against Defendant T.S.W. Services based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Yosniel Bosmeniel actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Yosniel Bosmeniel demands a trial by a jury of all issues triable as of right

by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE**

47. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-25 of

this Complaint as if set out in full herein.

48. This action is brought by Plaintiff to recover from the Employer unpaid

minimum wages, as well as an additional amount as liquidated damages,

costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201

et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206

states, "Every Employer shall pay to each of his employees who in any

workweek is engaged in commerce or the production of goods for

commerce, or is employed in an enterprise engaged in commerce or the

production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day, and

(C) $7.25 an hour, beginning 24 months after that 60th day.

49. Defendant T.S.W. Services employed Plaintiff Yosniel Bosmeniel as a non-exempted, full-time painter from approximately February 15, 2023, to March 10, 2023, or 3 weeks.

50.  Plaintiff worked under the supervision of Supervisors Juan Corona Sr. and Juan Corona Jr.

51. During the relevant period, Plaintiff performed as a painter, and he was paid an hourly rate of $16.00.

52. While Plaintiff was employed by Defendant, he worked weeks five weeks and 2 weeks of 6 days.

53. 1.- First week.- Plaintiff worked his first week five days with 48 hours, and he was paid $770.00.

54. 2.- Second week.- In his second week, Plaintiff worked 6 days, a total of 42 hours. but he did not receive any compensation.

55. 3.- Third week.- In his third week, Plaintiff worked 6 days, a total of 59.5 hours, but he did not receive any compensation.

56. On or about Friday, March 10, 2023, Plaintiff complained to his supervisor and **a**s a result, Defendant fired Plaintiff the same day.

57. At the time of his termination, Defendant refused to pay Plaintiff his overdue wages.

58. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

59. Plaintiff did not clock in and out, but Defendant was in absolute control of his schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

60. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

61. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate.

62. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

63. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

65.  Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a.  <u>Total amount of alleged unpaid wages</u>:

      Eight Hundred Eighty Dollars and 00/100 ($880.00)

   b.  <u>Calculation of such wages</u>:

      Total period of employment: 3 weeks
      Total number of unpaid weeks: 2  weeks
      Total number of unpaid hours: 40 hours weekly
      Fl Minimum wage 2023: $11.00

      $11.00 x 40 hours=$440.00 weekly x 2 weeks= $880.00

   c.  <u>Nature of wages</u>:

      This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

66. Defendant T.S.W. Services unlawfully failed to pay minimum wages to Plaintiff.

67. Defendant knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages.

68. Defendant T.S.W. Services willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages as set forth above.

69. Plaintiff has retained the law offices of the undersigned Attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Yosniel Bosmeniel respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant T.S.W. Services based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Yosniel Bosmeniel and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## **<u>COUNT III:</u>**
## **<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
## **<u>PURSUANT TO 29 USC 215(a)(3)</u>**

70. Plaintiff Yosniel Bosmeniel re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

71. Defendant T.S.W. Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

72. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

73. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

74. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

75. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

76. Defendant T.S.W. Services employed Plaintiff Yosniel Bosmeniel as a non-exempted, full-time painter from approximately February 15, 2023, to March 10, 2023, or 3 weeks.

77.  Plaintiff worked under the supervision of Supervisors Juan Corona Sr. and Juan Corona Jr.

78. During the relevant period, Plaintiff performed as a painter, and he was paid an hourly rate of $16.00. Plaintiff's Overtime should be $24.00.

79. While Plaintiff was employed by Defendant, he worked weeks five weeks and 2 weeks of 6 days.

80. 1.- First week.- Plaintiff worked his first week five days with 48 hours, and he was paid $770.00. Plaintiff was not paid for 8 overtime hours.

81. 2.- Second week.- In his second week, Plaintiff worked 6 days, a total of 42 hours, but he did not receive any compensation.

82. 3.- Third week.- In his third week, Plaintiff worked 6 days, a total of 59.5 hours, but he did not receive any compensation.

83. On or about Friday, March 10, 2023, Plaintiff complained to his supervisor Juan Corona Sr. about his unpaid wages. This was his second complaint. Plaintiff had not received compensation for two consecutive weeks.

84. These complaints constituted protected activity under the FLSA.

85. However, as a result of plaintiff's complaints, Defendant fired Plaintiff the same day.

86. At the time of his termination, Defendant refused to pay Plaintiff his overdue wages.

87. Plaintiff did not clock in and out, but Defendant was in absolute control of Plaintiff's schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

88. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

89. Defendant also willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of

forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

90. Plaintiff was paid in cash, without paystubs or any record providing accurate information such as the number of days and hours worked and wage rate.

91. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

92. There is close proximity between Plaintiff's protected activity and his termination.

93. The motivating factor which caused Plaintiff's discharge, as described above, was his complaint seeking unpaid regular and overtime wages from Defendant. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

94. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

95. Plaintiff Yosniel Bosmeniel has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Yosniel Bosmeniel respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant T.S.W. Services that Plaintiff Yosniel Bosmeniel recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant T.S.W. Services to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Yosniel Bosmeniel further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Yosniel Bosmeniel demands a trial by a jury of all issues triable as a right by a jury.

Date:  March 31, 2023

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*