UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:23-cv-00714-CEH-TGW

Yosniel Bosmeniel,
and other similarly
situated individuals,

    Plaintiff(s),

v.

T.S.W. Residential &
Commercial Services, Inc.

    Defendant,
_____/

**PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT**

    Plaintiff, Yosniel Bosmeniel, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendant T.S.W. Residential & Commercial Services, Inc and states as follows:

1. On or about March 31, 2023, Plaintiff brought the above titled action against the Defendant T.S.W. Residential & Commercial Services, Inc to recover overtime wages, minimum wages, lost wages, retaliation damages and the costs of reasonably attorney's fees under the laws of the United

States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 1].

2. On or about April 7, 2023, Returns of Service was executed for Defendant T.S.W. Residential & Commercial Services, Inc ; Proof of Service should appear in the Court file [D.E 9].

3. Accordingly, Defendant's answer was due on or before April 28, 2023. However, Defendant has completely failed to respond to the complaint.

4. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

5. When a corporate defendant has failed to obtain counsel, then that failure is a failure to "defend" under Fed. R. Civ. P. 55(a). *see Lehman Bros. Holdings, Inc. v. Key Fin. Corp.,* No. 8:09- CV-623-T-17EAJ (M.D. Fla. May 2, 2011) (Order Granting Plaintiff's Motion for Entry of Default).

6. The Defendant, T.S.W. Residential & Commercial Services, Inc cannot defend itself. *see Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985).*

7. On or about May 8, 2023, a Clerk's default against Defendant was entered [D.E 11].

8. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

9. In addition, Section 7 of the FLSA, 29 U.S.C.A. §207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b).

10. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

11. Likewise, Section 6 of the FLSA, 29 U.S.C. § 206(a)(3), states that it shall be unlawful for any person "to discharge or in any other manner discriminate

against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . …."

12. In support of the damages alleged in the Complaint, the Plaintiff hereby submits evidence in the form of affidavit [Exhibit "A" –Affidavit of Amount of Indebtedness].

13. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendants has been defaulted for failure to appear.

14. Defendant failed to pay Plaintiff Yosniel Bosmeniel at least $1,460.00 during the period of time in which Plaintiff was working for Defendant, which well within the statute of limitations provided for under the FLSA as a matter of law. Plaintiff also seeks to recover $10,240.00 in lost wages and $11,700.00 in liquidated damages.  Therefore, Plaintiff is owed the amount of $23,400.00 ($580.00 in overtime wages + $880.00 in minimum wages + $10,240.00 in lost wages + $11,700.00 in liquidated damages)

15. Additionally, Plaintiff seeks to recover attorney fees ($7,200.00) and costs ($517.00), for a total amount of $31,117.00 as judgment against Defendant.

16. Plaintiff claims judgment by default for failure of Defendant T.S.W. Residential & Commercial Services, Inc file or serve any papers in the action or otherwise plead.

## MEMORANDUM OF LAW

### I. Default Judgment Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." *United States v. Fleming*, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517,*9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. *Music, Inc. v. PRB Productions, Inc.*, 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014)(citing *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." *Isaula v. Chicago Rest. Group, LLC*, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting *United Artists Corp. v. Freeman*, 605 F. 2d 854, 857 (5th Cir.1979) [1] and citing *SEC v. Smyth*, 420 F. 3d 1225, 1231–32 (11th Cir. 2005). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F. 3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well- pled allegations of fact, and bars the defendant from contesting those facts on appeal." *Massachusetts Mut. Life Ins. Co. v. Hunter*, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

<b><u>Statutory Basis for Claims</u></b>

### A. <u>F.L.S.A Overtime & Minimum Wage</u>

The provision of the FLSA applicable to this case include section(s) 29 U.S.C. §§ 201-215. Under the FLSA, Plaintiff is entitled to be paid for each hour that

Plaintiff worked for Defendant at the correct rate of pay. The underlying complaint alleges that Defendant willfully and/or knowingly violated the FLSA with respect to Plaintiff by failing to pay overtime and minimum wages properly under the law (Count I & II). Moreover, Plaintiff suffered retaliation due to his requests to be paid fairly (Count III).

Plaintiff worked from approximately February 15, 2023, to March 10, 2023, or 3 weeks and was paid approximately $16.00 per hour. On the first week, Plaintiff worked five days, a total of 48 hours weekly, and was paid $770.00. He was not paid for eight overtime hours. On the second week, he worked six days, a total of 42 hours but he was not paid at all, not even the minimum wage required by law.  On the third week, Plaintiff alleges he worked six days, a total of 59.5 hours, but was not paid at all, not even the minimum wage.

Plaintiff is owed at least $1,460.00 in overtime and minimum wages (these are wages for work that Plaintiff performed on Defendant's behalf for which Defendant did not properly pay Plaintiff), plus $1,460.00 in liquidated damages.

### B. F.L.S.A Retaliatory Discharge:

Plaintiff alleges in Count III of their complaint that Defendant retaliated against them in violation of Section 215 of the FLSA. By Defendant's failure to prosecute this action, Plaintiff's allegations are admitted. The FLSA forbids any person "to discharge or in any other manner discriminate against any employee

because such employee has filed any complaint" alleging a violation of the Act. *29 U.S.C. § 215(a)(3)*. The Supreme Court has held that the anti-retaliation provision covers oral, as well as written, complaints. *See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 2, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)*. To establish a retaliation claim, a plaintiff must show that 1) she was engaged in protected activity under the FLSA; 2) she suffered an adverse action by his employer; and 3) a causal connection exists between Plaintiff's activity and the adverse action. *See Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000)*.

Here, Plaintiff has pled sufficient facts to state a claim for retaliation under the FLSA. According to his complaint, Plaintiff complained to Supervisor Juan Corona Sr. on March 10, 2023 and demanded to be paid his unpaid wages [DE 1, para 16 56 and 83 and *Affidavit* at para 9]. Plaintiff suffered an adverse action by Defendant because Plaintiff was fired immediately in retaliation for asserting his FLSA rights and engaging in a protected activity.[3] Therefore, Plaintiff has stated a retaliation claim pursuant to the FLSA. *Echevarria v. Marcvan Rests., Inc., 2013 U.S. Dist. LEXIS 63708, 2013 WL 1881313, at *1 (M.D. Fla. May 3, 2013)* (granting default judgment when plaintiff alleged that she "complained to Defendant that she was not paid the federal minimum wage under the FLSA, she was

---

[3] The relevant FLSA provision provides in part: "[I]t shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." *29 U.S.C. § 215(a)(3)*.

terminated by Defendant, an d her termination was caused by her complaint about the alleged FLSA violation.").

## Damages

The FLSA provides for the recovery of unpaid wages, backpay, lost wages and liquidated damages as well as costs and reasonable attorney fees. 29 U.S.C.A. § 216(b).  In this case, Plaintiff is owed wages for the time he worked for Defendants but was not paid by Defendants in violation of the FLSA, as codified by 29 U.S.C. § 206-207 (Count I, II and III). Additionally, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiff by Defendant.

Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiff seeks back pay damages. In determining the amount of back pay due, Plaintiff has a duty to mitigate his damages, and it is proper to deduct Plaintiff's subsequent earnings from lost wages. *See, e.g., Nord v. U.S. Steel Corp.,* 758 F.2d 1462, 1471-72 (11th Cir. 1988) (district court erred in failing to deduct interim earnings from back pay award

under Title VII). After his termination, Plaintiff "immediately started looking for a job", however, he has not been able to find one yet.

Moreover, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiff by Defendant.

Therefore, Plaintiff is owed $1,460.00 in overtime and minimum wages, plus $10,240.00 in lost wages and $11,700.00 in liquidated damages.

## Attorney's Fees and Costs

The FLSA provides that the Plaintiff is entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b).

In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff's counsel has expended a total of 18.00 hours pursuing Plaintiff's claim against Defendants. [*See* Zandro Palma's Affidavit at ¶ 16; Exhibit B]. Plaintiff is requesting a reasonably hourly rate of $400.00 for Mr. Zandro E. Palma, Esq (a total amount of $7,200.00 in attorney's fees).

Effective as of January 1st, 2021, Mr. Palma bills all cases at the rate of $400.00 per hour for the professional services that are rendered. Prior to January 1st, 2021, his hourly rate was of $375.00 per hour. The current hourly rate of $400.00

reflects Mr. Palma's skills and experience in litigating employment cases and is reasonable in light of the relevant legal marketplace. Moreover, the undersigned has over 17 years of experience litigating employment related matters, charges an hourly rate of $400.00. This rate has been consistently approved this by Courts in this District as well as Courts in the Southern and Northern Districts of Florida. ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive. See, e.g., *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, *Restrepo v. Modern Roofing Experts, Inc., et al.*, Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiff's counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al.*, Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

The law firm of Zandro E. Palma, P.A. has also expended $517.00 in costs in Plaintiff's case. (*See* Zandro Palma's Affidavit at ¶ 16; Exhibit B). As such, the attorney fees and costs for prosecution of Plaintiff's claims against Defendants amounts to $7,717.00 ($7,200.00 + $517.00).

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Court enter default judgment against Defendant with respect to the FLSA claims in the amount of $23,400.00 for Plaintiff and $7,717.00 in attorney's fees and costs; as well as post- judgment interest, and for such other relief as this Court deems just and proper.

Dated: June 29, 2023.

> Respectfully submitted,
> ZANDRO E. PALMA, ESQ.
> Florida Bar No.: 0024031
> zep@thepalmalawgroup.com
> ZANDRO E. PALMA, P.A.
> 9100 South Dadeland Boulevard
> Suite 1500
> Miami, Florida 33156
> Telephone: (305) 446-1500
> Facsimile:  (305) 446-1502
> *Attorney for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 29, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: <u>/s/ Zandro E. Palma</u>
Zandro E. Palma, Esq.
Florida Bar No.: 0024031
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
*Attorney for Plaintiff*

## SERVICE LIST
## CASE NO: 8:23-CV-00714-CEH-TGW

T.S.W. Residential & Commercial Services, Inc.
Through Its Registered Agent
Marc J. Miles
333 S. Tamiami Trail, Ste 219
Venice, FL 34285
*Defendant*

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiff*