UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOSNIEL BOSMENIEL,

      Plaintiff,

v.                                 Case No. 8:23-CV-00714-CEH-TGW

T.S.W. RESIDENTIAL &
COMMERCIAL SERVICES, INC.

      Defendant.

_____/

## AMENDED REPORT AND RECOMMENDATION

The plaintiff alleges that the defendant failed to pay him overtime and minimum wages in violation of the Fair Labor Standards Act (FLSA). The plaintiff also claims that the defendant fired him in retaliation for complaining that he was not paid his earned wages. The defendant did not defend this case and the Clerk entered default against it.

The plaintiff has filed a Motion for Default Judgment, seeking an award of $23,400.00 in damages and $7,717.00 in attorney's fees and costs. The motion was referred to me.

1

The well-pleaded complaint allegations and the plaintiff's affidavit establish the defendant's liability and damages totaling $12,560.00. Additionally, the plaintiff's request for $7,717.00 in attorney's fees and costs is reasonable. I therefore recommend that the Plaintiff's Motion for Default Judgment Against Defendant (Doc. 14) be granted to the extent that default judgment be entered against T.S.W. Residential & Commercial Services, Inc., in the amount of $20,277.00.

I.

Defendant T.S.W. Residential & Commercial Services, Inc., is a construction and remodeling company with an office in Sarasota, Florida (Aff. of Yosniel Bosmeniel, Doc. 14-1, ¶11). The defendant engages in interstate commerce and it is believed that the defendant's gross annual revenue exceeds $500,000 (id., ¶¶13, 14).

Plaintiff Yosniel Bosmeniel worked for the defendant as a painter from approximately February 15, 2023, to March 10, 2023 (about three weeks) (id., ¶¶4, 5). The plaintiff was paid a wage of approximately $16.00 per hour (id., ¶¶5).

The plaintiff avers that, on the first week, he worked 48 hours and was paid $770.00 (id., ¶6). He received his wages in cash and he did not receive a paystub or any other record showing his hours worked and hourly rate (id., ¶16). Additionally, the plaintiff did not clock in and out of work (Doc. 1, ¶36). However,

the plaintiff asserts that the defendant knew the number of hours that he was working (id.).

The plaintiff states that on his second and third weeks of employment he worked 42 hours, and 59.5 hours, respectively, but he was not paid anything either week (Doc. 14-1, ¶¶7, 8). On March 10, 2023, the plaintiff complained to supervisor Juan Corona Sr. about his unpaid wages (id., ¶9). The plaintiff, despite satisfactorily performing his job, was fired that day (id., ¶¶10, 19, 20).

The plaintiff states that he immediately started looking for work, but that he has been unable to find a stable job (id., ¶21). Consequently, he could not afford to keep his car or pay rent (id., ¶22).

On March 31, 2023, the plaintiff filed a complaint alleging that the defendant failed to pay him for his regular and overtime hours, and that it fired him in retaliation for complaining about not being paid his wages, in violation of the FLSA (Doc. 1, pp. 6, 12, 17). The plaintiff requests his unpaid wages, liquidated damages, lost wages, and an award of his reasonable attorney's fees and costs (id., pp. 11, 16-17, 21).

On April 7, 2023, the defendant was served with the summons and complaint (see Doc. 9). However, the defendant failed to file a response to the complaint or otherwise appear in this case. Consequently, a default was entered against the defendant (see Doc. 11).

The plaintiff subsequently filed a Motion for Default Judgment Against Defendant (Doc. 14) pursuant to Rule 55(b) (2), Fed.R.Civ.P. Attached to the motion is an affidavit from the plaintiff attesting to the circumstances of his employment and the amount of damages he sustained due to the defendant's alleged FLSA violations (Doc. 14-1). Additionally, plaintiff's counsel filed a declaration in support of an award of attorney's fees and costs (see Doc. 14-2).

II.

Pursuant to Rule 55(b)(2), F.R.Civ.P., a party may seek from the court a default judgment for the amount of damages caused by the defaulting party. A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005). However, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, state a cause of action. See id. The court may also consider evidence presented in support of the motion for default judgment, including affidavits. Equal Emp't Opportunity Comm'n v. Titan Waste Servs. Inc., No. 3:10-cv/379/MCR/EMT, 2014 WL 931010 at *6 (N.D. Fla. Mar. 10, 2014).

Allegations relating to the amount of damages are not admitted by virtue of default. Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). Rather, the court determines the amount and character of damages

to be awarded.  <u>Id</u>.  When the defendant does not produce records substantiating the hours and wages, and the damages are easily calculable, the plaintiff may establish his damages by affidavit.  <u>See</u> <u>SEC</u> v. <u>Smyth</u>, 420 F.3d 1225, 1232 n. 13 (11th Cir.2005) (when the essential evidence regarding damages is in the record, a hearing regarding the amount of damages may be unnecessary.).  The damages in this case are easily calculable based on the plaintiff's affidavit, so a hearing under Rule 55(b)(2), F.R. Civ. P., to establish the amount of damages is unnecessary.

## III.

As indicated, plaintiff has established, through the well-pleaded complaint allegations and his affidavit, the defendant's liability for the claimed FLSA violations.[1]

The plaintiff pleads in Count I that the defendant failed to pay him overtime wages in violation of the FLSA (Doc. 1, p. 6).  The FLSA provides that an employee engaged in interstate commerce must be paid overtime wages of at least one and one-half times the regular rate of pay for each hour worked over forty in a week. 29 U.S.C. 207(a)(2).  Thus, to establish a claim for unpaid overtime wages

---

[1] Additionally, the complaint allegations show that the court has jurisdiction over the defendant. Specifically, the complaint is based on violations of federal statutes, so there is subject matter jurisdiction under 28 U.S.C. 1331. Furthermore, the defendant company has an office in Florida, does business in Florida, and the claims arise from business conducted in Florida (<u>see</u> Doc. 1). Therefore, personal jurisdiction over the defendant is proper under Fla. Stat. §48.193(1)(a)(1) and is consistent with the Due Process Clause.  <u>See</u> <u>Mut. Serv. Ins. Co.</u> v. <u>Frit Indus., Inc.</u>, 358 F.3d 1312, 1319 (11th Cir.2004) (identifying the two-prong test for establishing personal jurisdiction).

under the FLSA, the plaintiff must demonstrate that (1) the defendant employed the plaintiff; (2) the defendant was an enterprise engaged in interstate commerce; (3) the plaintiff worked in excess of 40 hours per week; and (4) the defendant failed to pay the plaintiff overtime wages.

The plaintiff states that the defendant employed him between February 15, 2023, through March 10, 2023 (Doc. 1, ¶9). He alleges further that the defendant was an enterprise engaging in interstate commerce and that, upon belief, the defendant's gross income exceeded $500,000 (id., ¶7). See 29 U.S.C. 203(s)(1)(A). Finally, the plaintiff attests that he worked over 40 hours each week of his employment but that he was not paid overtime wages (Doc. 1, ¶¶13-15). These undisputed allegations establish that the defendant is liable for violating the FLSA overtime provision.

The plaintiff contends in Count II that the defendant failed to pay him the required minimum wage under the FLSA (id., p. 12). Under the FLSA, employers must pay a minimum wage to those employed in an enterprise engaged in interstate commerce. 29 U.S.C. 206(a). The federal minimum wage is currently $7.25. 29 U.S.C. 206(a)(1)(C).

The plaintiff alleges, without dispute, that the defendant did not pay the plaintiff any wages for the second and third weeks he worked for the defendant (Doc. 1, ¶¶14, 15). Therefore, the plaintiff has shown the defendant is liable under the

FLSA for failing to pay the plaintiff the required minimum wage for those weeks of employment.

Finally, the plaintiff alleges in Count III that the defendant terminated his employment in retaliation for complaining to his supervisor about his unpaid wages (id., pp. 19-20). The FLSA prohibits employers from terminating employees in retaliation for complaints of FLSA violations. 29 U.S.C. 215(a)(3). To successfully plead a claim for retaliation under the FLSA, the plaintiff must allege that: (1) he engaged in an activity protected by the FLSA; (2) he suffered an adverse action from the employer; and (3) there is a causal connection between the protected activity and the adverse action. Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000). Thus, the plaintiff must show that the adverse action would not have been taken "but for" the assertion of FLSA rights. Id. at 1343.

The plaintiff attests that he complained to his supervisor about his unpaid wages, and he was fired that day (Doc. 14-1, ¶¶9, 10). This satisfies the first and second elements of the prima facie case. See Mercedes v. HZ & J Servs., LLC, No. 6:20-cv-565-Orl-PGB-DCI, 2021 WL 1830973 at *6 (M.D. Fla. Jan. 27, 2021) (The plaintiff's oral complaints to the defendants regarding unpaid wages constitutes protected activity under the FLSA's anti-retaliatory provision.); Payne v. Sec. & Crime Prevention Serv., Inc., No. 12-22032, 2013 WL 5446466 at *4 (S.D. Fla. Sept. 30, 2013). Furthermore, the plaintiff's allegation that he was fired the same day he

7

complained about unpaid wages is sufficient, in itself, to establish a causal connection between protected activity under the FLSA and the adverse action. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action). Therefore, the plaintiff also successfully pleads a claim for retaliation under the FLSA.

## IV.

The plaintiff seeks an award of $23,400 in damages, comprised of $580.00 in overtime wages, $880.00 in minimum wages, $10,240.00 in lost wages, and $11,700.00 in liquidated damages due to the defendant's FLSA violations (Doc. 14, pp. 4, 12).

The plaintiff filed an affidavit which states, under the penalty of perjury, the basis of his damages (see Doc. 14-1). The affidavit sets forth the number of hours the plaintiff worked each week, his approximate rate of pay, and the amount of money the defendant paid him (id.). The plaintiff has no other evidence of his damages. As indicated, the defendant paid his wages in cash, and the plaintiff did not receive a paystub or any record showing his hours worked or hourly rate (id., ¶16).

The defendant, who has the burden to make and preserve time records, 29 U.S.C. 211(c), has obviously not produced time records, or otherwise

controverted this evidence.  The Supreme Court has stated that, when an employer, who is usually in a superior position to keep records of employee wages and hours, fails to produce accurate records, "[t]he solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work."  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).  Therefore, it set forth a burden-shifting test where "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id.

The burden then shifts to the employer to bring forth either evidence of the precise amount of work performed, or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. at 687–88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Id. at 688; see e.g., Hodgson v. Ricky Fashions. Inc., 434 F.2d 1261, 1264 (5th Cir. 1970) (Plaintiffs' testimony as to the number of hours weekly and the number of weeks that schedule was maintained "is sufficient to provide a basis for a reasonable determination of the unpaid wages.").

Therefore, the plaintiff's affidavit should be accepted as "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." <u>Anderson</u> v. <u>Mt. Clemens Pottery Co.</u>, <u>supra</u>, 328 U.S. at 687.

A. Count I: Unpaid Overtime

The FLSA requires employers to pay employees "at a rate not less than one and one-half times the regular rate" for hours over 40 in a week. 29 U.S.C. 207(a). The plaintiff states that he was paid an hourly rate of approximately $16.00 (Doc. 14-1, ¶5). Therefore, the plaintiff was entitled to be paid an overtime rate of $24.00 for each hour worked over 40 in a week.

The plaintiff alleges that, during the first week of employment, he worked 48 hours, and was paid his regular hourly salary of $16.00 for each overtime hour (<u>id.</u>, ¶6). Consequently, the plaintiff is entitled to an additional $8.00 for each of the eight overtime hours he worked that week, for a total of $64.00 ($8.00 x 8) in overtime wages owed for the first week.

The plaintiff states that during his second week of employment he worked 2 overtime hours and, during his third week, he worked 19.5 overtime hours (<u>see</u> <u>id.</u>, ¶¶7, 8). The plaintiff asserts that he was not paid anything for those work hours (<u>id.</u>). Therefore, he is entitled to recover 21.5 (2 +19.5) overtime hours at an hourly rate of $24.00, for a total of $516.00 in overtime wages for the second and

third weeks.  In sum, the plaintiff's unpaid overtime wages over his three weeks of employment total $580.00 ($64 + $516).

The plaintiff also seeks, and is entitled to, an equal amount ($580.00) in liquidated damages.  The FLSA provides that "[a]ny employer who violates the provisions of [the FLSA] … shall be liable to the … employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. 216(b).

Accordingly, I recommend that the plaintiff be awarded $1,160.00 ($580.00 x 2) on his FLSA overtime wage claim.

B. Count II: Unpaid Wages

Under the FLSA, employees are entitled to be paid an hourly minimum wage.  The federal minimum wage is $7.25.  29 U.S.C. 206(a)(1)(C).  The plaintiff is therefore entitled under this statute to be paid $7.25 per hour for up to 40 hours of work in a week.

The plaintiff avers that he was not paid any wages for his second and third weeks of his employment, during which he worked more than 40 hours weekly (Doc. 14-1, p. 4; Doc. 1, pp. 12-16).  Therefore, the plaintiff is due, at the minimum wage rate, payment for 80 hours of work, which totals $580.00 (80 x $7.25) (Doc. 14-1, p. 4).

Additionally, the plaintiff is entitled under this count to an equal amount ($580.00) as liquidated damages. <u>See</u> 29 U.S.C. 216(b). Therefore, the plaintiff is entitled to an award of $1,160.00 ($580.00 x 2) in damages for unpaid wages under Count II.

It is acknowledged that the plaintiff's requested damages for this count ($880.00) is significantly higher than my recommendation. This difference is attributable to the plaintiff's computation of damages based on the Florida minimum hourly wage of $11.00 (Doc. 14-1, ¶18b). Thus, the plaintiff asserts that Florida's higher state minimum wage applies under the FLSA (Doc. 1, p. 15, ¶65). This contention is unpersuasive.

Significantly, the plaintiff does not state any legal authority for applying Florida's minimum wage to this federal statute (<u>see</u> <u>id</u>.). Furthermore, there are many Middle District of Florida cases holding that the federal minimum wage applies to a FLSA unpaid wage claim. <u>See</u> <u>Feliciano</u> v. <u>Styrofoam Moulding Co.</u>, No. 8:20-CV-718-TPB-JSS, 2021 WL 3230683 at *4 (M.D. Fla. July 9, 2021) (collecting cases); <u>Miller</u> v. <u>Asset Managing Grp., Inc.</u>, No. 3:11-cv-1016-J-34MCR, 2012 WL 13136857 at *8 n.6 (M.D. Fla. June 21, 2012); <u>Moser</u> v. <u>Action Towing Inc. of Tampa</u>, No. 8:16-cv-420-T-35-JSS, 2017 WL 10276702 at *4 (M.D. Fla. Feb. 6, 2017). It is reasoned in these cases that, although states are entitled to set a minimum wage that is higher than the federal minimum wage rate, "FLSA contains

no provision requiring the payment of the higher state minimum wage" and, therefore, the plaintiff "is only entitled to recover the lower minimum wage rate mandated under the FLSA." Moser v. Action Towing Inc. of Tampa, supra, 2017 WL 10276702 at *3. That is especially true when, as here, the plaintiff only asserted claims under the FLSA, not the corresponding Florida minimum wage law. These reasons are persuasive.[2]

Therefore, I recommend that the plaintiff be awarded $1,160.00 in damages for his unpaid wage claim.

### C. Count III: Retaliation

An employer who retaliates against an employee in violation of the FLSA "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [the anti-retaliation provision], including without

---

[2] I note that there are cases within the Middle District of Florida holding that, when a state law provides for a higher minimum wage than stated in the FLSA, the state provision controls. See e.g., Fernandez v. Belly, Inc., Case No. 6:05–cv–1074–Orl–31KRS, 2006 WL 5159188 at *3 (M.D. Fla. May 23, 2006). However, those holdings are based upon the FLSA savings clause, see id., Cranford v. City of Slidell, 25 F. Supp. 2d 727, 728 (E.D. La. 1998), and the more persuasive line of cases holds that FLSA's savings clause does not apply to the federal minimum wage provision. See Fast v. Applebee's Int'l, Inc., No. 06-4146-CV-C-NKL, 2009 WL 2391775 at *7 (W.D. Mo. Aug. 3, 2009) ("[Al]though [29 U.S.C.] § 218(a) expressly provides that the FLSA does not preempt higher state minimum wages, it also does not adopt such higher wages as the measure of damages for FLSA violations."); McElmurry v. US Bank Nat. Ass'n, No. CV-04-642-HU, 2005 WL 2078334 at *4 (D. Or. Aug. 24, 2005) ("[T]here is no support for plaintiffs' argument that the failure to pay [a] more generous [state] minimum [wage] states a FLSA minimum wage violation. Such failure may trigger a violation of the relevant state or municipal law, but it does not, by itself, support a federal minimum wage FLSA claim.").

limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. 216(b).

The plaintiff seeks $10,240.00 in lost wages, and an additional equal amount in liquidated damages, for the defendant's violation of the FLSA anti-retaliation provision (Doc. 14-1, p. 5). The plaintiff does not seek any non-economic damages or front pay for this claim.

The unrefuted evidence is that the defendant fired the plaintiff for complaining to his supervisor about his unpaid wages and that, but for the defendant's retaliation, the plaintiff would have remained employed full-time with the defendant (see id., ¶¶9, 10, 19, 20). At an hourly rate of $16.00, the plaintiff's income would have been $640.00 per week ($16.00  x 40 hours).

Furthermore, the plaintiff asserts that he has been unable to find stable employment (id., ¶21). Therefore, he requests compensation for 16 weeks of lost wages (encompassing the time between his termination on March 10, 2023, and the filing of his affidavit in June 2023) (id., ¶ 23).

Since the defendant has failed to defend this case, the court has no argument, and certainly no evidence, controverting the plaintiff's allegations that he would have remained employed by the defendant but for complaining about his unpaid wages. Similarly, the defendant has not disputed the plaintiff's allegation that he has been unable to find a stable job or objected to the request for 16 weeks

14

of lost wages.  Therefore, under these circumstances, I recommend that the plaintiff be awarded the requested lost wages of $10,240.00 ($640 x 16 weeks).

The plaintiff also seeks as part of his retaliation claim an award of liquidated damages equal to his lost wages (Doc. 14, p. 10).  This relief is unjustified.

Unlike the FLSA's overtime and minimum wage provisions, in the Eleventh Circuit liquidated damages under the anti-retaliation provision are discretionary. Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1243 (11th Cir. 2013). The Eleventh Circuit specified that §216(b) "gives the district court discretion to award, or not to award, liquidated damages, after determining whether doing so would be appropriate under the facts of the case." Id.  The circumstances of this case indicate that such an award is not appropriate.

Significantly, the FLSA "liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000) (citation omitted). The plaintiff's award of 16 weeks of back pay—when he only worked for the defendant about three weeks—accomplishes the purpose of this provision.  This is a generous recovery considering the plaintiff has a short employment history with the plaintiff, and the plaintiff's assertion that he has been unable to find a stable job in several months is vague and conclusory (Doc. 14-1, p.

¶¶5, 21).    Moreover, the plaintiff has not made any showing that an award of liquidated damages is appropriate; he merely states in his motion that the FLSA provides for liquidated damages (Doc. 14, p. 10).

Therefore, I recommend that the plaintiff be awarded the requested $10,240.00 in lost wages under Count III, but that the request for liquidated damages on his retaliation claim be denied.

In sum, the total recommended damage award is:

Count I:   $1,160.00
Count II:  $1,160.00
Count III: $10,240.00
Total:     $12,560.00

V.

Finally, the plaintiff seeks an award of his attorney's fees and costs pursuant to the FLSA (id., p. 4).   He requests $7,200.00 in attorney's fees and $517.00 in costs (id.).

The FLSA provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." See 29 U.S.C. 216(b). Thus, the plaintiff is entitled to his reasonable attorney's fees and costs.

The federal lodestar approach is used to determine a reasonable attorney's fee award under the FLSA.  See Perez v. Carey International, Inc., 373

Fed. Appx. 907, 910 (11th Cir. 2010). In order to determine the lodestar, "the number of hours reasonably expended on the litigation [is] multiplied by a reasonable hourly rate." Id. (citation omitted).

A. Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The attorney bears the burden of providing the court "with specific and detailed evidence from which the court can determine a reasonable hourly rate." Id. at 1303.

The plaintiff is represented by attorney Zandro E. Palma (Doc. 14-2). Palma requests a fee based on an hourly rate of $400.00 (id., ¶12). This is the rate Palma has billed in his cases since January 1, 2021 (id.).

Palma asserts that "[b]ased on [his] experience, familiarity with rates charged by other lawyers, and fees awarded in similar litigation ... [he] believe[s] that [his] current rate of $400.00 is reasonable" (id., ¶13). Palma, who is the sole shareholder of Zandro E. Palma P.A., has been practicing law for 17 years, with a primary focus on labor and employment law (id., ¶¶4, 6). He accepted this matter on a contingency basis (id., ¶10). See Hall v. Bd. of Sch. Comm'rs of Conecuh Cnty., 707 F.2d 464, 465 (11th Cir. 1983) ("Since a fee was contingent on success,

contingency enhancement would be appropriate."). Notably, moreover, Palma's hourly rate of $400.00 has been approved by federal courts in Florida (Doc. 14-2, ¶¶6, 12). See Onofre v. Higgins, 2021 WL 6498121 at *3 (M.D. Fla. Dec 29, 2021).

Taking into consideration counsel's experience, the relatively small number of hours he spent on the case, the courts' previous acceptance of the requested rate, and the lack of opposition, I find that the requested rate is reasonable. Accordingly, I recommend that Palma be awarded an hourly rate of $400.00.

B. Reasonableness of the Number of Hours Expended

The court must also determine the number of hours reasonably expended on the litigation. Hours that are "redundant, excessive, or otherwise unnecessary" are not to be included in the determination of hours. Norman v. Hous. Auth. of City of Montgomery, supra, 836 F.2d at 1301; Perez v. Carey International, Inc., supra, 373 Fed. Appx. at 910-11.

The attorney for the prevailing party bears the burden to document the hours expended on a given case and their reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Palma worked 18.0 hours on this case (see Doc. 14-2, pp. 5-6). He asserts that the work he performed "was done efficiently and effectively and that the time spent on that work was reasonable and not excessive" (id., ¶15). In this regard, Palma provided a detailed log of the hours he spent working on the matter,

which include legal research, drafting the complaint, motions, and affidavits, and conferring with his client (id., pp. 5-6).

Considering the amount of work accomplished, the number of hours appears reasonable. Furthermore, a review of counsel's time sheets does not reveal any obviously unnecessary or excessive hours. The defendant, of course, did not fulfill his responsibility to identify any unreasonable time entries. See Norman v. Hous. Auth. of City of Montgomery, supra, 836 F.2d at 1301 ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.").

I therefore recommend that plaintiff's counsel be compensated for the 18 hours of legal work done on this case. Accordingly, plaintiff's counsel should be awarded an attorney's fee of $7,200.00 ($400 per hour x 18 hours).

C. Costs

Finally, the plaintiff's counsel presented evidence that he incurred $517.00 in costs (Doc. 14-2, p. 6). These costs are the $402.00 filing fee, $90.00 return of service, and $25.00 in copies (id.).

These costs are recoverable. See 28 U.S.C. 1920. Further, the defendant has not challenged any of these costs. Accordingly, I recommend that the plaintiff be awarded costs of $517.00.

VI.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Default Judgment Against Defendant (Doc. 14) be granted to the extent that default judgment be entered in favor of the plaintiff, and against the defendant T.S.W. Residential & Commercial Services, Inc., in the amount of $20,277.00.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: October **27** , 2023.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek and extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge an appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.